1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10   TAIMI S.,

11                      Plaintiff,

12        v.

13   ACTING COMMISSIONER OF
     SOCIAL SECURITY,

14
                       Defendant.

15

CASE NO. 2:21-cv-408-RSM

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

16        Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's

17   denial of plaintiff's application for supplemental security income ("SSI") and disability

18   insurance benefits ("DIB"). This matter is fully briefed. *See* Dkts. 9, 12, 13.

19        Plaintiff started noting hand limitations in December 21, 2018 and amended her alleged

20   disability onset date to this day to accommodate her lack of prior noted hand complaints. In

21   January 2020, plaintiff had x-rays of her hands; and, in mid-2020 Dr. Flores examined plaintiff

22   and reviewed such x-rays. Based on the record, and as discussed herein, the Court concludes that

23   the ALJ erred by rejecting Dr. Flores' 2020 opinion of hands limitations based on plaintiff's lack

24

of hand complaints in mid-2018, and the ALJ also erred by instead relying on non-examining DDS doctors who reviewed the record prior to the existence of the x-rays. Instead of upholding the ALJ's finding that Dr. Flores' opinion is not supported by objective evidence, the Court concludes it is the non-examining doctors who lacked the opportunity to review arguably the most relevant objective evidence.

Therefore, for the reasons stated herein and based on the record, the Court concludes that this matter should be reversed and remanded for further Administrative proceedings.

<u>FACTUAL AND PROCEDURAL HISTORY</u>

On June 15, 2018, plaintiff filed applications for DIB and SSI, alleging disability as of January 4, 2018, later amended to December 21, 2018. *See* Dkt. 7, Administrative Record ("AR"), p. 15. The application was denied on initial administrative review and on reconsideration. *See* AR 15. A hearing was held before Administrative Law Judge Chris Stuber ("the ALJ") on July 20, 2020. *See* AR 32-63. In a decision dated August 25, 2020, the ALJ determined plaintiff to be not disabled. *See* AR 12-31. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

In plaintiff's Opening Brief, plaintiff maintains the ALJ erred by: (1) failing to assess properly the manipulative limitations associated with plaintiff's osteoarthritis of the hands; and (2) in rejecting the medical opinions of Dr. Maria Flores MD. "Open," Dkt. 9, p. 1. Defendant contends the ALJ reasonably evaluated the opinion of Dr. Flores. "Response," Dkt. 12, p. 3.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (quoting *Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

DISCUSSION

**I.      Whether the ALJ erred when evaluating the medical evidence.**

Plaintiff contends that the ALJ erred when evaluating the medical evidence, such as the medical opinion evidence provided by Dr. Maria Flores, M.D. Open, 2-8. Defendant contends the ALJ reasonably evaluated the opinion of Dr. Flores. Response, 3-9.

In 2017, the Commissioner issued new regulations governing how ALJs are to evaluate medical opinions. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017). Under the new regulations, for claims filed on or after March 27, 2017, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how he or she considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). That explanation must be legitimate, as the Court will not affirm a decision that is based on legal error or not supported by substantial evidence. *See Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Thus, the regulations

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 3

1  require the ALJ to provide specific and legitimate reasons to reject a doctor's opinions. *See also*

2  *Kathleen G. v. Comm'r of Soc. Sec.*, No. C20-461 RSM, 2020 WL 6581012, at *3 (W.D. Wash.

3  Nov. 10, 2020) (finding that the new regulations do not clearly supersede the "specific and

4  legitimate" standard because the "specific and legitimate" standard refers not to how an *ALJ*

5  should weigh or evaluate opinions, but rather the standard by which the *Court* evaluates whether

6  the ALJ has reasonably articulated his or her consideration of the evidence).

7        As plaintiff filed the claim on June 15, 2018, the ALJ applied the new regulations. *See*

8  AR 15, 23. Therefore, based on the above considerations, the Court will determine whether the

9  ALJ's decision is free of legal error and supported by substantial evidence. "Substantial

10 evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a

11 reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881

12 F.2d 747, 750 (9th Cir. 1989) (quoting *Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

13       Dr. Flores appears to be the only source who treated plaintiff for the osteoarthritis in her

14 hands. *See* Open, 3. Plaintiff contends that she amended her alleged onset date to December 21,

15 2018, "when her hand use problems first manifested as a severe limiting condition." *Id*. The

16 record reflects on this day Dr. Flores noted swelling and stiffness in the joints and tremors in

17 plaintiff's hands. *See* AR 577.

18       On January 16, 2020, Dr. Flores again reviewed plaintiff's hand complaints, noting

19 plaintiff's "significant interference with her ability to handle especially small objects, lifting and

20 carrying." *See* AR 729. This note appears to reflect recent x-ray imaging of the hand with the

21 views of both right and left. *See* AR 728-29; *see also* AR 747.

22       Plaintiff's x-rays performed on January 16, 2020 indicate "arthritis with involvement of

23 all interphalangeal joints with joint space narrowing and marginal osteophytosis." AR 747. The

24

1   interpretation of the x-ray, apparently by Dr. G. Gordon Benjamin, M.D., further indicates there

2   is "more severe involvement of the right 2nd PIP and 3rd PIP and DIP joints where there are

3   central erosions. Scattered small subchondral cysts are present. There is moderate left first carpal

4   metacarpal DJD [degenerative joint disease] as well." *Id*. Dr. Benjamin indicated his impression

5   of "moderate polyarticular arthritis most consistent with erosive osteoarthritis, as above." *Id.*

6        After receiving the x-ray results, noted in Dr. Flores' assessment and plan section of the

7   January 16, 2020 treatment record, Dr. Flores indicated the plan for this impairment was to

8   continue the nonsteroidal anti-inflammatory drugs, further noting that plaintiff's primary

9   osteoarthritis of both hands "is going to be a chronic problem [as there is] no further

10  improvement anticipated." AR 729. Dr. Flores indicated that this impairment "poses significant

11  interference with her ability to perform one or more basic work activities." *Id.*

12       Plaintiff argues that the opinion from Dr. Flores is the only medical opinion of record

13  regarding plaintiff's manipulative limitations, as the DDS doctors reviewed the record before the

14  x-rays were included and "there was only one entry in the record in which [plaintiff] had

15  complained of her hand pain and limitations and there was, at that point, no imaging of record to

16  support the complaints." Open, 9 (citing AR 633). Plaintiff argues that the ALJ erred by rejecting

17  plaintiff's manipulative limitations supported by the opinion from Dr. Flores and supported by

18  the objective evidence in the x-rays, and erred by instead relying on the DDS doctors' opinions,

19  which according to plaintiff, were based on "insufficient data to assess [plaintiff's] hand use

20  limitations at the time of their last review in March 2019." Open, 4.

21       Defendant contends that the "ALJ properly discounted Dr. Flores' opinion, where it was

22  unsupported by her own treatment records and inconsistent with the longitudinal record."

23  Response, 6 (citing AR 23). Although defendant cites in the Introduction plaintiff's absence of

24

1   hand complaints six months prior to her amended alleged date of disability onset, as plaintiff

2   amended her alleged disability onset date to coincide with when she was experiencing hand

3   complaints, defendant's citation to an earlier time frame does not establish that the ALJ relied on

4   substantial evidence when failing to credit medical opinions during the relevant period of time of

5   December 21, 2018 to the date of the ALJ's decision of August 25, 2020. Response, 2. In

6   addition, defendant does not directly respond to plaintiff's argument that the DDS doctors,

7   whose opinions the ALJ relied on in the written decision, did not review the only purely

8   objective evidence regarding plaintiff's manipulative hand limitations, that is, the x-rays. *See id.*

9        The ALJ included the following in the written decision:

> The undersigned finds the opinion of Maria Flores, MD unpersuasive (Exhibit
> 17F). Her opinion is not fully supported by the medical evidence. Dr. Flores
> generally references "osteoarthritis" as basis to support her assessed limitations
> standing, walking, sitting, and use of the arms/hands. She otherwise cites no
> objective evidence to support her opinion. Her opinion is inconsistent with exam
> findings. For instance, the record shows the claimant was doing well post total
> knee replacement. She had minimal pain with activity, excellent range of motion
> and non-antalgic gait. Dr. Flores opined that the claimant is limited to less than
> occasional use of hands and arms. Yet, Dr. Flores assessed the claimant's
> osteoarthritis of both first carpometacarpal joints as stable. In addition, the
> claimant admitted to good relief of symptoms with Meloxicam. She testified to
> problems with grip and dropping things. Yet, she did not make a similar
> complaint in her Adult Function Report. In fact, she did not indicate any problems
> with use of her hands. There are no similar complaints to providers about issues
> with grip. Her hobbies include playing games on her computer and coloring. She
> complained of only some vision issues but not her hands after extended computer
> use. She also reported significant improvement in her shoulder symptoms with
> injection treatment as evidenced by full strength and normal range of motion on
> exam after injection treatment.

20   AR 23.

21        The ALJ first found Dr. Flores' opinion "not fully supported by the medical evidence,"

22   finding that other than generally referencing "'osteoarthritis' as basis to support her assessed

23   limitations in standing, walking, sitting, and use of the arms/hands, she otherwise cites no

1   objective evidence to support her opinion." *Id*. However, failing to note the objective evidence of

2   the x-rays, which appear to support fully Dr. Flores' opinion, makes the ALJ's finding of Dr.

3   Flores' reference to only osteoarthritis as a basis for the opined limitations not a finding based on

4   substantial evidence: the referenced treatment record clearly indicates Dr. Flores had ordered x-

5   rays and interpreted the radiologist's opinion about them when she examined plaintiff and

6   provided the opined limitations rejected by the ALJ. *See* AR 729. In the treatment record, where

7   Dr. Flores notes plaintiff experiences "significant interference with her ability to handle

8   especially small objects, lifting and carrying," also can be seen in the assessment/plan ("A/P:")

9   section (directly above the quoted phrase) the notes from Dr. Flores referencing "XR Hand 3

10  views Right  ….   XR Hand 3 views left" *See* AR 729. For this reason, the Court concludes that

11  the ALJ's failure to credit fully the opinions of manipulative limitations from Dr. Flores because

12  Dr. Flores purportedly only cited "osteoarthritis," and no other objective evidence to support the

13  opined limitation, when the x-rays are referenced in the line above the opined limitation, is not

14  based on substantial evidence. *See* AR 23, 728-729.

15          Next, the ALJ finds that Dr. Flores' "opinion is inconsistent with exam findings," but

16  references only findings regarding plaintiff's total knee replacement, which has little bearing on

17  Dr. Flores' opinions regarding plaintiff's manipulative limitations with her hands. AR 23. Then,

18  although the ALJ notes Dr. Flores' assessment of plaintiff's osteoarthritis as stable, the ALJ fails

19  to explain why this assessment justifies rejection of Dr. Flores' opinions of plaintiff's

20  manipulative limitations. *See id*. This is especially the case in this record herein: Flores'

21  treatment record indicates specifically that although Dr. Flores assessed on January 16, 2020

22  plaintiff's primary osteoarthritis of both hands "is going to be a chronic problem [as there is] no

23  further improvement anticipated," that is, it is stable, in the very next sentence, Dr. Flores

24

1   indicated that this impairment "poses significant interference with her ability to perform one or

2   more basic work activities." AR 729. Therefore, regardless of the fact that the impairment was

3   stable, and not amenable to improvement, the impairment nevertheless caused "significant

4   interference" with plaintiff's ability to perform one or more of work-related activities,

5   specifically handling small objects, lifting and carrying. *See* AR 729. Similarly, that plaintiff was

6   experiencing some symptom relief with one of the prescribed medications does not explain why

7   the opined limitations regarding handling small objects, lifting, and carrying are rejected: Dr.

8   Flores appears to have been aware of medication-related relief and nevertheless opined specific

9   limitations. *See* AR 731. The ALJ has not identified any inconsistency.

10      Next, in the written decision rejecting Dr. Flores' opinions regarding plaintiff's

11   functional limitations with her hands, the ALJ noted plaintiff's lack of hand complaints in her

12   Adult Function Report; reports to providers during this time (or lack thereof) regarding issues

13   with grip; and hobbies plaintiff reported, including playing games on her computer and coloring.

14   *See* AR 23. However, plaintiff's Adult Function Report noted by the ALJ, which lacks plaintiff's

15   hand complaints and wherein she notes playing games on her computer and coloring, was signed

16   on June 15, 2018, more than 6 months prior to her amended alleged disability onset date. *See* AR

17   238, 240; *see also* AR 15. Furthermore, the rejected opinion from Dr. Flores was provided on

18   January 16, 2020. For the reasons stated and based on the record, the Court concludes that the

19   ALJ's reference to a report a year and half prior to the doctor's opinion containing plaintiff's

20   report of her hobbies and symptoms does not entail substantial evidence to reject the examining

21   doctors opinion based on x-ray and examination regarding specific opined functional limitations.

22      The ALJ also relied on the fact that plaintiff did not mention her hands limitations when

23   she went for an eye exam and reported having trouble "regaining focus after long use of

24

1  computer." *See* AR 23, 647-50. However, based on a review of the record, the Court concludes

2  plaintiff's appointment at Clearview Eye & Laser for a vision exam with an eye doctor and

3  failing to mention that she had gripping problems with her hands and/or carrying and lifting

4  problems is not substantial evidence to reject the examining doctor's opinion of specific

5  limitations based on exam and x-rays. *See* AR 647-50; *see also* AR 23.

6      Similarly, although the ALJ relies finally on plaintiff's report of significant improvement

7  in her shoulder symptoms with injection treatment, this is not substantial evidence for the failure

8  to credit fully the examining doctor's opinion regarding manipulative limitations with plaintiff's

9  hands.

10     For the reasons stated and based on the record as a whole, the Court concludes that the

11 ALJ's failure to credit fully the opinions of manipulative limitations from Dr. Flores who

12 examined plaintiff following x-ray and examination of plaintiff's hands specifically regarding

13 plaintiff's osteoarthritis is not based on substantial evidence.

14     **II.   Harmless error**

15     The Ninth Circuit has "long recognized that harmless error principles apply in the Social

16 Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. v.*

17 *Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). An error is harmless if it is

18 "'inconsequential to the ultimate non[-]disability determination.'" *Molina*, *supra,* 674 F.3d at

19 1117 (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)).

20     On January 16, 2020, Dr. Flores opined plaintiff's hand bilateral osteoarthritis caused

21 "significant interference with her ability to handle especially small objects, lifting and carrying."

22 *See* AR 729. The Court already has concluded that the ALJ erred when rejecting the specific

23 functional opinions regarding manipulative limitations of Dr. Flores based on exam and x-ray,

24

*see supra,* Section I. As summarized by the ALJ in the written decision, "Dr. Flores opined that [plaintiff] is limited to less than occasional use of hands and arms." AR 23 At the Administrative hearing, the vocational expert testified that if an individual similar to plaintiff's age, education, work history and residual functional capacity were limited to handling, fingering and feeling on less than on occasional basis, that such would "rule out this position." AR 58 (with all other positions (PRW) being ruled out by the limitation bilaterally to handling, fingering, and feeling on an occasional basis, *see* AR 56). Therefore, the Court concludes that the error in the rejection of Dr. Flores' opinion is not harmless as it is not irrelevant to the ultimate disability determination. *See Molina*, *supra,* 674 F.3d at 1117 (quoting *Carmickle*, *supra,* 533 F.3d at 1162).

### III.   Whether this Court should reverse with a direction to award benefits or for further administrative proceedings

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). After concluding at step one that an ALJ has erred, (not harmless error), the Court next should "turn to the question whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citations omitted). When looking at this issue, the Court should consider if the record is free from relevant conflicts. *See id*.

1    Based on a review of the record, the Court concludes that the record is not free from

2  important and relevant conflicts, such as conflicts in the medical evidence. As acknowledged by

3  plaintiff, the DDS consulting doctors did not have the opportunity to review the objective

4  evidence in the plaintiff's x-rays of her hands. Open, 3-4. They had "insufficient data to assess

5  [plaintiff's] hand use limitations at the time of their last review in March 2019." Open, 4. Such

6  Administrative review would be useful. Therefore, this matter should be reversed for further

7  administrative proceedings, including a *de novo* hearing, not with a direction to award benefits.

8  *See id.*

9                                              <u>CONCLUSION</u>

10    Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

11  plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is reversed and this

12  matter is remanded for further Administrative proceedings in accordance with the findings

13  contained herein.

14

15    DATED this 17th day of September, 2021.

16

17

18

       RICARDO S. MARTINEZ

19     CHIEF UNITED STATES DISTRICT JUDGE

20

21

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 11